**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALLEN RICHARDSON WOODS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2191 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

On June 14, 2010, Allen Richardson Woods filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Docket Entry No. 1, p.1). Because Woods is in state prison and challenges a state conviction, the pleading is properly construed as a petition for habeas corpus relief under 28 U.S.C. § 2254. Woods challenges a 1990 Texas state court conviction for attempted murder (Cause Number 56-90). Woods was sentenced to twenty-six years in prison.

On April 22, 1997, Woods filed a federal petition for a writ of habeas corpus, Civil Action Number H-97-1488, collaterally attacking this conviction. On June 10, 1998, the federal court denied Woods's claims on the merits.

In the instant federal petition filed on June 14, 2010, Woods challenges the same conviction. Woods argues that there was insufficient evidence to support his conviction. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 2). He also appears to argue that his sentence was not calculated properly.

This court lacks jurisdiction to consider Woods's petition because it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Woods's successive application. This court therefore lacks jurisdiction to consider Woods's habeas claims.

Woods's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.

SIGNED on June 22, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge